UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATISHA YVETTE SLIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-905-SRW |
| ) | |
| CITY OF CLAYTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Latisha Yvette Slider for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action at this time, without prejudice.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against the City of Clayton. She invokes this Court's federal question jurisdiction, and identifies her case as arising under federal law pertaining to employment discrimination, "At Will Policy and Employment," "Ethics," and "Defamation and Libel." (ECF No. 1 at 3).  Her allegations are best understood if directly quoted. They are as follows:

> On July 22, 2021@ 12:40pm: Missouri Case Net information online stating that the City of Clayton filed a lawsuit against me for assault. Whom did I assault? When did this assault take place? This is a retaliation from Keisha Hamilton a temporary supervisor with the United States Postal Service, who filed a false, and infamatory [*sic*] police report against me, when I didn't do anything to this person. I called the Clayton Police Dept on Keisha Hamilton about 3:48pm on July 1, 2021, because I could see that Keisha Hamilton was attempting to create a hostile environment within the Clayton Post Office by trying to instigate conflict, when Keisha

2

> Hamilton had confiscated and possibly destroyed my time card or destruction of government property. Reputation damage of my good name, defamation of my character, and embarassment [*sic*].

*Id.* at 5. Plaintiff does not allege she is a current or former City of Clayton employee, nor does she allege she ever sought employment from the City of Clayton. She seeks $400,000 to compensate her for "damages of reputation," and removal of the allegedly defamatory information. *Id.*

## Discussion

Title VII prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). In the complaint at bar, plaintiff describes conflict among employees of a United States Postal Service office. However, she does not allege she has or had an employment relationship with or sought employment from the defendant, and her allegations cannot be construed as an attempt to assert an employment discrimination claim. Instead, it is apparent that plaintiff filed the complaint to seek damages from the City of Clayton for injury to her reputation caused by an allegedly wrongful ordinance violation charge.

Plaintiff may establish municipal liability under 42 U.S.C. § 1983 by demonstrating that a constitutional violation by a city employee resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018); *see Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). In the complaint at bar, plaintiff does not plead facts that can be construed as an attempt to demonstrate a constitutional violation, and this Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15. Plaintiff does allege that the defendant defamed her and damaged her reputation. However, defamation alone is insufficient to support a claim under § 1983, *Wade*

*v. Goodwin,* 843 F.2d 1150, 1152 (8th Cir. 1988), and a person's interest in her reputation is not considered liberty or property protected by the Due Process Clause of the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 701 (1976).

Because plaintiff does not demonstrate a constitutional violation, she cannot maintain a municipal liability claim against the City of Clayton. *See Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) ("It follows that, absent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City"); *Sitzes v. City of W. Memphis*, 606 F.3d 461, 470 (8th Cir. 2010) (agreeing with the district court that plaintiffs' claims "could not be sustained absent an underlying constitutional violation by the officer"). Even if plaintiff's allegations did establish a constitutional violation, the complaint would fail to establish municipal liability under § 1983 because it does not allege that a policy, custom, or deliberately indifferent failure to train or supervise caused such violation. *See Monell,* 436 U.S. at 690-91, *Mick,* 883 F.3d at 1079.

In sum, the complaint fails to state an employment discrimination claim, and it fails to state a claim under 42 U.S.C. § 1983. Plaintiff identifies no other potential federal claim, nor can the Court conceive of any such claim based upon the allegations in the complaint. The Court will therefore dismiss this action at this time without prejudice, and will decline to exercise supplemental jurisdiction over any state law tort claims plaintiff may be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of October, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE